WEI RONG HUANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70953.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2007.

Filed June 19, 2007.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

HI–District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David M. McConnell,

Janice K. Redfern, Esq., Julia Doig Wilcox, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM *

Wei Rong Huang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal and affirming an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Huang's testimony was both internally inconsistent and inconsistent with his asylum application. Because the inconsistencies went to the heart of Huang's asylum claim—persecution based on his opposition to China's family planning policies—substantial evidence supports the denial of asylum. *See Li v. Ashcroft*, 378 F.3d 959, 962–64 (9th Cir.2004). Since the IJ had a basis to doubt Huang's credibility, the IJ could properly consider the lack of documentary evidence to corroborate Huang's claim. *See id.* at 964.

Because Huang failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), Huang's motion for stay of removal included a timely request to stay voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.